UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Gabriel Roper-Calhoun,

    Plaintiff,

v.

Discover Bank; and Experian Information Solutions, Inc.,

    Defendants.

Case No.

# COMPLAINT

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of the County of Cobb, Georgia.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Discover Bank ("Discover") exists and operates under the laws of the State of Georgia and is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Experian Information Solutions, Inc., ("Experian") is company existing and operating under the laws of the State of Georgia that engages in the business of maintaining and reporting consumer credit information.

8. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Discover and Experian (collectively "Defendants") and has suffered particularized and concrete harm.

10. Experian is one of the largest consumer reporting agencies ("CRA") as defined by 15 U.S.C. §1681a(f).

11. The CRA's primary business is the sale of consumer reports to third parties and consumers.

12. Experian has a duty of the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

13. In December 2023 Plaintiff obtained his Experian consumer credit report.

14. Plaintiff reviewed his Experian consumer report and discovered an unknown Discover Account (the "Account") reporting with a balance past due.

15. Plaintiff does not have a delinquent debt with Discover.

16. The Account is believed to be the product of fraud.

17. Plaintiff completed a Federal Trade Commission Identity Theft Reporting listing the Account as the possible product of fraud.

18. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

19. Experian published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

20. In December 2023 Plaintiff sent a written letter to Experian (the "Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

21. Despite the clarity and detail provided in the Dispute, the inaccurate information regarding the Account continued to report on Plaintiff's consumer credit reports.

22. Upon information and belief, Experian forwarded Plaintiff's Dispute to Discover for reinvestigation.

23. Upon information and belief, Discover received notification of Plaintiff's Dispute from Experian.

24. Discover failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. Discover failed to instruct Experian to remove the false information reporting on Plaintiff's consumer reports.

27. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

28. Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

29. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

## COUNT I – Discover

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

30. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

31. After receiving the Dispute, Discover failed to remove the Account reporting on Plaintiff's consumer reports.

32. Discover violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

33. As a result of this conduct, action, and inaction of Discover, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. Discover' conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, Discover was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from Discover pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II –Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

39. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III - Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

46. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.


Dated: March 21, 2024

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff